UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IKEA JOHNSON, | ) |
|     Plaintiff, | ) |
| v. | )    Civil Action No.  22-3633 (RC) |
| DENIS R. MCDONOUGH, | ) |
|     Defendant. | ) |

## MEMORANDUM OPINION

Plaintiff, appearing *pro se*, filed suit in the Superior Court of the District of Columbia against U.S. Department of Veterans Affairs Secretary Denis Richard McDonough, alleging employment discrimination. *See* Compl., ECF No. 1-1 at 7-9. The Secretary removed the case to this Court under 28 U.S.C. §§ 1442(a)(1) and 1446. *See* Not. of Removal, ECF No. 1. Pending before the Court is Defendant's Motion to Dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), ECF No. 5. Plaintiff has neither complied with the order to respond to defendant's motion by May 4, 2023, ECF No. 5, nor requested additional time to respond. Consistent with the advisements in the order, the Court will proceed without plaintiff's input.

Under Rules 12(b)(1) and 12(h)(3) of the Federal Rules of Civil Procedure, courts must dismiss a case over which they lack subject-matter jurisdiction. Rule 12(b)(6), by contrast, requires courts to dismiss any claim upon which relief could not be granted even if jurisdiction was proper. Fed. R. Civ. P. 12(b)(6). When Rules 12(b)(1) and 12(b)(6) are invoked together, as they are here, a court must first address the issues encompassed by Rule 12(b)(1), as those issues implicate the court's ability to hear the case at all. *See Lovitky v. Trump*, 949 F.3d 753, 763 (D.C. Cir. 2020) ("[W]hen a court lacks subject-matter jurisdiction . . . it has no authority to

address the dispute presented.") (internal quotation marks and citation omitted)).   Defendant argues that the doctrine of derivative jurisdiction compels dismissal of the case.   Mot. at 6-8.   The Court agrees.

Sovereign immunity bars a suit against the United States and U.S. agencies except upon consent, which must be clear and unequivocal.   *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (citation omitted).   A waiver of sovereign immunity "must be unequivocally expressed in statutory text, and [it cannot] be implied."   *Lane v. Pena*, 518 U.S. 187, 192 (1996) (citations omitted).   Section 1442(a) of Title 28 of the U.S. Code authorizes a federal defendant sued in "a State court" to remove the action to a federal district court.[1]   Upon removal, the federal court may hear the plaintiff's claims only if the state court had jurisdiction to hear the claims.   *Day v. Azar*, 308 F. Supp. 3d 140, 142 (D.D.C. 2018) (citing *Lambert Run Coal Co. v. Baltimore*, 258 U.S. 377, 382 (1922)).   This is referred to as the derivative jurisdiction doctrine, and it applies even if the federal court would have had original jurisdiction had the case been filed there first.[2]

---

[1]   As defined in the removal statute, the "term 'State court' includes the Superior Court of the District of Columbia."   28 U.S.C. § 1442(d)(6).

[2]   Notably, through amendments in 1985 and 2002, Congress has explicitly eliminated derivative jurisdiction as a barrier to the more general removals made pursuant to 28 U.S.C. § 1441.   See *Reynolds v. Behrman Cap. IV L.P.*, 988 F.3d 1314, 1321–22 (11th Cir. 2021) (discussing amendments and quoting § 1441(f)).   But Congress "has made no such corresponding amendment to the removal rules [specific to federal officers or agencies] contained in Section 1442[.] . . . Accordingly, Federal courts in this District, and throughout the country, have determined that the doctrine of derivative jurisdiction still applies to claims removed under Section 1442."   *Merkulov v. United States Park Police*, 75 F. Supp. 3d 126, 130 (D.D.C. 2014) (citing cases); *see accord Robinson v. United States Dep't of Health & Hum. Res.*, No. 21-1644, 2021 WL 4798100, at *3 (D.D.C. Oct. 14, 2021).

*Id*.  "To determine whether the doctrine of derivative jurisdiction requires dismissal, the Court must first address the threshold question of whether, prior to removal, [D.C. Superior Court] had jurisdiction of the subject matter or of the parties."  *Merkulov v. United States Park Police*, 75 F. Supp. 3d 126, 130 (D.D.C. 2014) (internal quotation marks and citations omitted).   If the answer is no, "this Court cannot 'acquire' jurisdiction upon removal, even if Plaintiff could have filed [the] complaint in federal court in the first instance."  *Cofield v. United States*, 64 F. Supp. 3d 206, 214 (D.D.C. 2014) (citing *Lambert Run Coal*, 258 U.S. at 382).

It is established that "the Civil Service Reform Act of 1978 ["CSRA"], Pub.L. No. 95–454, 92 Stat. 1111 (codified as amended in scattered sections of 5 U.S.C.), and related employment statutes," are exclusive avenues for federal employees seeking redress of employment disputes.  *Filebark v. U.S. Dep't of Transp.*, 555 F.3d 1009, 1010 (D.C. Cir. 2009). The D.C. Circuit explains that

> the CSRA specifies the benefits to which federal employees and their survivors are entitled, and provides a reticulated remedial regime for beneficiaries to secure review—including judicial review—of benefits determinations. That regime provides for adjudication of all claims by OPM, 5 U.S.C. § 8347(b), appeal of adverse decisions by OPM to the MSPB, *id*. § 8347(d)(1), and subsequent review of MSPB decisions in the Federal Circuit, *id*. § 7703(b)(1); 28 U.S.C. § 1295(a)(9). A series of opinions from the Supreme Court and this court make clear that these remedial provisions are exclusive, and may not be supplemented by the recognition of additional rights to judicial review having their sources outside the CSRA.

*Fornaro v. James*, 416 F.3d 63, 66 (D.C. Cir. 2005); *see id.* at 67 (citing cases that recognize "in a variety of contexts, the exclusivity of the remedial and review provisions of the CSRA"). Additionally, Title VII of the Civil Rights Act, governing employment discrimination claims,

3

waives the United States' immunity

> by authorizing a federal employee who has exhausted his administrative remedies to "file a civil action as provided in section 2000e–5 of this title" against "the head of the department, agency, or unit" by which he is employed. . . . But this waiver is subject to the provisions of 42 U.S.C. § 2000e–5(f) through (k). 42 U.S.C. § 2000e–16(d). Section 2000e–5(f) clarifies the scope of the waiver by specifying which courts shall have jurisdiction over Title VII claims. It states, "Each United States district court and each United States court of a place subject to the jurisdiction of the United States shall have jurisdiction of actions brought under this subchapter." 42 U.S.C. § 2000e–5(f).

*Day*, 308 F. Supp. 3d at 142; *cf. Williams v. Perdue*, 386 F. Supp. 3d 50, 54 (D.D.C. 2019) (explaining that the Rehabilitation Act adopts the jurisdictional provisions of Title VII and thus confers original jurisdiction in "[e]ach United States district court," which the "District's Superior Court is not"). Put simply, sovereign immunity applies because "the United States has not expressly consented to suit under Title VII in state courts." *Robinson v. United States Dep't of Health & Hum. Res.*, No. 21-1644, 2021 WL 4798100, at *4 n.5 (D.D.C. Oct. 14, 2021).

Because neither the CSRA nor Title VII confers original jurisdiction in D.C. Superior Court over claims arising from federal employment, this Court "cannot assert jurisdiction over them on removal." *Cofield*, 64 F. Supp. 3d at 215. Therefore, this case will be dismissed without prejudice.[3] A separate order accompanies this Memorandum Opinion.

                                                                             _____/s/_____
                                                                       RUDOLPH CONTRERAS
                                                                       United States District Judge

Date: June 1, 2023

---

[3] The dismissal of this case for lack of jurisdiction does not preclude plaintiff from filing a separate case directly in a federal court of competent jurisdiction, nor does it preclude defendant from reasserting its non-jurisdictional arguments for dismissal based on timeliness and exhaustion of administrative remedies. *See* Mot. at 8-9.